UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CSX TRANSPORTATION, INC.

      Plaintiff,

              CASE NO. 2:09-cv-13626
v.              JUDGE DAVID M. LAWSON
              MAGISTRATE JUDGE PAUL KOMIVES

HOG BROTHERS RECYCLING, L.L.C.,

      Defendant
                /

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF CSX'S SEPTEMBER 20, 2012 MOTION FOR EXTENSION OF TIME IN WHICH TO SERVE DISCOVERY UPON GARNISHEES (Doc. Ent. 52)**

**I. RECOMMENDATION:** The Court should grant plaintiff CSX's September 20, 2012 motion for extension of time in which to serve discovery upon garnishees (Doc. Ent. 52).

**II. REPORT:**

**A. *Procedural Background*:**

**1. *Norfolk Southern Railway Company v. Hog Brothers Recycling, L.L.C.* (Case No. 2:09-cv-11434-RHC-MKM)**

  **a.** On April 16, 2009, Norfolk Southern Railway Company filed a lawsuit against Hog Brothers Recycling, L.L.C. alleging "Failure to Pay Rail Common Carrier Freight and Finance Charges[.]" Doc. Ent. 1.

  **b.** On September 30, 2009, Judge Cleland entered an order for default judgment against Hog Brothers Recycling, L.L.C., in the amount of $108,560.42. A judgment lien was issued on December 1, 2009.

  **c.** On July 3, 2012, non-periodic writs of garnishment were issued as to Hog Brothers

1

Recycling, L.L.C., and garnishees Douglas Dauer, Frank DeNardo, Jr., Clifford J. Winter and Patricia Winter.  Each of the garnishees filed a disclosure on July 30, 2012.[1]

        **d.**        Norfolk Southern Railway Company's September 20, 2012 motion to extend time in which to serve discovery upon garnishees is pending before Judge Cleland.

**2.**        *CSX Transportation, Inc. v. Hog Brothers Recycling, L.L.C.* **(The Instant Case)**

        **a.**        CSX Transportation, Inc., filed the instant lawsuit against Hog Brothers Recycling, L.L.C., on September 14, 2009.  Doc. Ent. 1.  On December 4, 2009, plaintiff CSX filed an amended complaint against defendant alleging (I) Failure to Pay Rail Common Carrier Freight and Incidental Charges; (II) Breach of Contract; (III) Quantum Meruit; and (IV) unjust enrichment.  Doc. Ent. 4.

        **b.**        On March 23, 2011, the Court entered a default judgment against Hog Brothers Recycling, L.L.C., in the sum of $481,343.65.  Doc. Ent. 18.

        **c.**        Plaintiff CSX thereafter engaged in discovery in aid of execution.  This included the taking of depositions and the serving of subpoenas for financial records.  *See*, *i.e.*, Doc. Ent. 52 at 12, Doc. Ent. 52-5 (Jan. 4, 2012 Deposition of Clifford Allen Winter).  According to CSX, it "took Mr. Winter's [January 4, 2012] deposition for the sole purpose of learning the location and possessors of Hog Brothers' assets, which is substantively no different than any discovery it would pursue in response to the Garnishees' [July 30, 2012] disclosures."  Doc. Ent. 52 at 12.

        **d.**        As a result of this discovery, plaintiff CSX claims, it learned that Patricia Winter, Douglas Dauer, Clifford Winter and Frank DeNardo, most of whom plaintiff CSX describes as "members of the Hog Brothers LLC," allegedly transferred over $2.4 million to themselves before

---

[1]Copy of the docket for 2:09-cv-11434-RHC-MKM has been filed in the instant case (2:09-cv-13626) at Doc. Ent. 52-3.

liquidating Hog Brothers and putting it into bankruptcy. Plaintiff CSX asserts that these four persons "helped themselves to these funds after Hog Brothers had accrued the charges due and owing to plaintiff [CSX] and while Hog Brothers was insolvent." Doc. Ent. 52 ¶ 3.

  **e.** As a result of this development, plaintiff CSX served and filed writs of garnishment on Patricia Winter, Douglas Dauer, Clifford Winter and Frank DeNardo, *see* Doc. Entries 40-47, "claiming that each of them owed money to Hog Brothers, which in turn owed money to plaintiff [CSX] on the outstanding judgment." Doc. Ent. 52 ¶ 4.

  **f.** On July 30, 2012, each of the above-named garnishees served and filed separate garnishee disclosures in which they each denied owing any money to Hog Brothers. Doc. Entries 48, 49, 50 and 51.

**3.** ***CSX Transportation, Inc. and Norfolk Southern Railway Company v. Frank DeNardo, Jr., Clifford Winter, Douglas Dauer and Patricia Winter* (Case No. 4:12-cv-11060-MAG-RSW)**

  **a.** In the meantime, on March 9, 2012, CSX Transportation and the Norfolk Southern Railway Company filed a diversity jurisdiction suit against these same four garnishees after discovering what plaintiffs believed to be monetary payments that were either fraudulent transfers or unlawful distributions. *See CSX Transportation, Inc. and Norfolk Southern Railway Company v. Frank DeNardo, Jr., Clifford Winter, Douglas Dauer and Patricia Winter*, Case No. 4:12-cv-11060-MAG-RSW (E.D. Mich.); *see also* Doc. Ent. 52 ¶¶ 6-7 (Instant Case), as well as Doc. Ent. 52-2 (DeNardo Case Docket), Doc. Ent. 52-4 (DeNardo Case April 30, 2012 Amended Complaint).

  The April 30, 2012 amended complaint contains the following causes of action: (I) CSX v. Frank DeNardo (Fraudulent Transfer Claim Pursuant to MCLS § 566.31, et seq.); (II) CSX v. Clifford Winter (Fraudulent Transfer Claim Pursuant to MCLS § 566.31, et seq.); (III) CSX v.

3

Douglas Dauer (Fraudulent Transfer Claim Pursuant to MCLS § 566.31, et. seq.); (IV) CSX v. Frank DeNardo (Unlawful Distribution Claim in violation of MCLS § 450.4307); (V) CSX v. Clifford Winter (Unlawful Distribution Claim in violation of MCLS § 450.4307); (VI) CSX v. Douglas Dauer (Unlawful Distribution Claim in violation of MCLS § 450.4307); (VII) Norfolk Southern v. Frank DeNardo (Fraudulent Transfer Claim Pursuant to MCLS § 566.31, et. seq.); (VIII) Norfolk Southern v. Clifford Winter (Fraudulent Transfer Claim Pursuant to MCLS § 566.31, et. seq.); (IX) Norfolk Southern v. Doug Dauer (Fraudulent Transfer Claim Pursuant to MCLS § 566.31, et. seq.); (X) Norfolk Southern v. Frank DeNardo (Unlawful Distribution Claim in violation of MCLS § 450.4307); (XI) Norfolk Southern v. Clifford Winter (Unlawful Distribution Claim in violation of MCLS § 450.4307); (XII) Norfolk Southern v. Douglas Dauer (Unlawful Distribution Claim in violation of MCLS § 450.4307); (XIII) CSX v. Patricia Winter (Fraudulent Transfer Claim Pursuant to MCLS § 566.31, et. seq.); and (XIV) Norfolk Southern v. Patricia Winter (Fraudulent Transfer Claim Pursuant to MCLS § 566.31, et. seq.).

  **b.** In what CSX now refers to as the DeNardo Case (Case No. 4:12-cv-11060-MAG-RSW (E.D. Mich.)), the garnishees have moved for summary judgment on the grounds that because CSX and NSRC did not serve written interrogatories on or notice the deposition of any of the garnishees in the aforementioned cases (09-11434 and the instant case (09-13626)) within fourteen (14) days after receiving their respective disclosures, *see* M.C.R. 3.101(L)(1)[2] and M.C.R. 3.101(M)(2),[3] "the statement[s] that Defendants do not owe any money to Hog Brothers must be

---

  [2]"Within 14 days after service of the disclosure, the plaintiff may serve the garnishee with written interrogatories or notice the deposition of the garnishee. The answers to the interrogatories or the deposition testimony becomes part of the disclosure." M.C.R. 3.101(L)(1).

  [3]"The verified statement acts as the plaintiff's complaint against the garnishee, and the disclosure serves as the answer. The facts stated in the disclosure must be accepted as true unless the plaintiff has

accepted as true[.]" Doc. Ent. 23 at 2 ¶ 4 (Case No. 4:12-cv-11060-MAG-RSW); *see also* Doc. Ent. 52 at 2 ¶ 6. Judge Goldsmith is scheduled to hear the May 29, 2012 joint motion to dismiss the amended complaint and the September 13, 2012 join motion for summary judgment on January 10, 2013.

B.  *The Instant Motion*

1.  CSX's September 20, 2012 motion seeking an extension of time in which to serve discovery upon the four garnishees (Doc. Ent. 52) is based upon M.C.R. 3.101(T).[4] Doc. Ent. 52 at 1 ¶ 1. In support of its motion, plaintiff CSX contends that this is not a situation in which a disinterested garnishee seeks closure on a garnishment but is "an extreme situation in which the garnishees are aware of the claims pending against them in another lawsuit [Case No. 4:12-cv-11060-MAG-RSW] and are seeking to manipulate discovery procedure so as to avoid liability for fraudulent conduct." Doc. Ent. 52 ¶ 9.

CSX argues that, even under the Michigan Court Rules, this court has the discretion to grant it an extension of time in which to serve written interrogatories or a notice of deposition on the garnishees. Doc. Ent. 52 ¶ 10, Doc. Ent. 52 at 10-12.

Furthermore, CSX argues, this garnishment is pending in federal court; therefore, it is subject

---

served interrogatories or noticed a deposition within the time allowed by subrule (L)(1) or another party has filed a pleading or motion denying the accuracy of the disclosure. Except as the facts stated in the verified statement are admitted by the disclosure, they are denied. Admissions have the effect of admissions in responsive pleadings. The defendant and other claimants added under subrule (L)(2) may plead their claims and defenses as in other civil actions. The garnishee's liability to the plaintiff shall be tried on the issues thus framed." M.C.R. 3.101(M)(2).

[4]"On motion the court may by order extend the time for: (1) the garnishee's disclosure; (2) the plaintiff's filing of written interrogatories; (3) the plaintiff's filing of a demand for oral examination of the garnishee; (4) the garnishee's answer to written interrogatories; (5) the garnishee's appearance for oral examination; and (6) the demand for jury trial." M.C.R. 3.101(T). "The order must be filed with the court and served on the other parties." *Id.*

to the Federal Rules of Civil Procedure, Fed. R. Civ. P. 69(a)(2) of which permits discovery in aid of the judgment or execution and Fed. R. Civ. P. 26(d)(1) of which, for the most part, requires that a Rule 26(f) discovery conference occur before seeking discovery. Additionally, CSX asserts that the Michigan discovery rules cannot supercede the federal discovery rules in a case being litigated in federal court. Doc. Ent. 52 ¶ 11, Doc. Ent. 52 at 12-13.

It is CSX's position that this Court may and should exercise its discretion and permit it to serve written interrogatories and/or a notice of deposition on each of the garnishees within ten (10) days of the Court's Order. *See* Doc. Ent. 52 ¶ 12, Doc. Ent. 52 at 13.

**2.** On October 1, 2012, the garnishees filed a joint response to plaintiff CSX's motion for extension of time. Doc. Ent. 54. The garnishees argue that plaintiff CSX has waived its right to argue that the garnishees owe money to Hog Brothers and that it is attempting to avoid the consequences of its neglect by late-filing its discovery. The garnishees followed the applicable Michigan Court Rule and plaintiff CSX did not. Garnishees argue that they have the right to rely on the Court Rule that plaintiff CSX itself triggered and "be secure in the knowledge that their assets are no longer in jeopardy." Doc. Ent. 54 at 1.[5]

As an initial matter, the garnishees contend that CSX has always disagreed with their position that "they do not owe any money to Hog Brothers." In this regard, the garnishees cite the following portion of their April 11, 2012 motion to dismiss filed in the DeNardo Case (4:12-cv-11060-MAG-RSW):

It is more interesting to note that the "transfers" CSX complains of are no more than

---

[5]The garnishees question "why CSX failed to file the second lawsuit [4:12-cv-11060-MAG-RSW] in this Court as a companion case [to the instant case (Case No. 2:09-cv-13626-DML-PJK)] under LR 83.11(b)(7)(C)." Doc. Ent. 54 at 2 n.2.

> bookkeeping entries and adjustments during the relevant periods. Defendants in this case do not believe the Court even needs to get to this issue given the statute of limitations and affirmative defenses raised in this Motion. Defendants have tried to sit down with CSX representatives to explain the accounting issues, but CSX has refused and has chosen, rather, to continue to push its steamroller forward.

Doc. Ent. 54 at 3; *see also* Doc. Ent. 11 at 11 n. 4 (4:12-cv-11060-MAG-RSW). Therefore, the garnishees take the position that "CSX's failure to object to the Garnishees' [July 30, 2012] disclosures can only be ascribed to negligence." Doc. Ent. 54 at 3.

Next, the garrnishees rely upon two cases. First, they acknowledge, "[b]ecause state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (internal and external citations omitted). Doc. Ent. 54 at 3-4. Then, the garnishees point out that "there is no prejudice requirement under the court rule, but the court rule does make it mandatory to accept as true the statements in the disclosure unless challenged within the required period." *Alyas v. Illinois Employers Ins. of Wausau*, 208 Mich.App. 324, 328, 527 N.W.2d 548, 551 (Mich. App. 1995) (citing MCR 3.101(M)(2)).[5] Doc. Ent. 54 at 4. While garnishees argue that under M.C.R. 3.101(M)(2) and cases interpreting this Rule prejudice is not factor to be considered in its application, the garnishees still note that they would in fact be prejudiced should the court not honor the M.C.R. 3.101(M)(2), because "they have relied on that Rule to assure themselves that they no longer face a threat of recoupment from CSX and have aligned their financial resources

---

[5]In *Alyas*, the court went on to say, "[i]n this context, plaintiff also argues that his delay in seeking discovery should be excused because of the complexities of the case. That argument, however, overlooks the fact that plaintiff could have sought an extension of the time for the filing of interrogatories or the taking of depositions under MCR 3.101(T). Therefore, plaintiff could have obtained an extension if it was truly necessary. However, plaintiff did not seek such an extension from the trial court." *Alyas*, 208 Mich.App. at 328 n.5, 527 N.W.2d at 551 n.5.

7

accordingly." Doc. Ent. 54 at 4 n.3.

The garnishees also argue that the Sixth Circuit case relied upon by plaintiff CSX (*Apostolic Pentecostal Church v. Colbert,* 169 F.3d 409, 415-416 (6th Cir. 1999)) involved a garnishment disclosure which a bank had filed and that the plaintiff in that case would have had no reason to suspect that the disclosure was "patently false." Doc. Ent. 54 at 4. In contrast, the garnishees contend, plaintiff CSX in the case now before the court had stated for years that it did not believe what the garnishees asserted in these disclosures; therefore, CSX cannot claim that it justifiably believed that the garnishee disclosures were true. Doc. Ent. 54 at 4-5. Apparently, the garnishees argue that CSX should not be excused for doing nothing for over fifty (50) days after receiving these disclosures. Doc. Ent. 54 at 5.

In sum, the garnishees contend that M.C.R.3.101 has been interpreted by the Sixth Circuit "to allow discovery when the entity issuing the garnishment [can] prove that it justifiably believed that the disclosure was true." Doc. Ent. 54 at 5 (citing *Apostolic Pentecostal Church* and *Laborers Pension Trust Fund Detroit and Vicinity v. H & H Constructors, Inc.*, No. 05-cv-71995, 2007 WL 1880720 (E.D. Mich. June 29, 2007) (Borman, J.).[6] Here, the garnishees contend, "the garnishment

---

[6]In *Laborers Pension Trust Fund Detroit and Vicinity*, this Court concluded that HVS (Garnishee Defendant) had satisfied the equitable criteria of Fed. R. Civ. P. 55(c). *Laborers Pension Trust Fund Detroit and Vicinity*, 2007 WL 1880720 at *6-*7. With respect to the factor of willfulness, the Court observed:

> HVS argues that its delay in responding to the garnishment was not "willful" since the delay was attributable to a good-faith, but mistaken belief, that Barton Malow, as the entity in charge of making payments to Defendants, was responsible for responding to the writ. Although HVS failed to file timely objections to the garnishment under Mich. Ct. R. 3.101(K), and did not request additional time to respond under Mich. Ct. R. 3.101(T), HVS filed the garnishment disclosure only five days after the fourteen-day deadline. Although in violation of the Michigan rules, HVS has shown that its actions in delaying response were not necessarily "willful."

*Id.*, 2007 WL 1880720, *6.

8

issuer demonstrably believed that the disclosure was false but simply sat on its rights beyond the limitations period." Doc. Ent. 54 at 5.

**3.** On October 11, 2012, CSX filed a reply memorandum to the joint response. Doc. Ent. 56.[6] Plaintiff CSX disputes the garnishees' contention that the Sixth Circuit case upon which plaintiff CSX relied in its brief filed in support of its motion stands only for the proposition that the only "'extreme situation' in which a court may exercise that discretion is when a court is faced with the circumstances of the *Apostolic [Pentecostal Church]* case, i.e., when a garnishee discloses false information that a plaintiff believes is true and then later learns that it is false." Doc. Ent. 56 at 1. Plaintiff CSX argues that it is being placed in an extreme situation now because, several months prior to serving the July 2012 writs of garnishment it had commenced an action on March 9, 2012 (the DeNardo Case) against the garnishees alleging claims arising under Michigan's Limited Liability Act (LLA) and Fraudulent Transfer Act (FTA). As acknowledged in the garnishees' joint response (Doc. Ent. 54 at 2-3) to the motion to extend time (Doc. Ent. 52), the garnishees have consistently denied any liability to plaintiff CSX under these Michigan statutes and have also denied owing any money to Hog Brothers. Doc. Ent. 56 at 2.

CSX asserts that, if it prevails on its LLA claims against the garnishees in the DeNardo Case, the garnishees will as a matter of law "owe" a debt to Hog Brothers and such a judgment will effectively negate their denial of any debt owed to Hog Brothers. Doc. Ent. 56 at 2-3. Here, CSX relies upon *Florence Cement Co. v. Vittraino*, 292 Mich. App. 461,477, 807 N.W.2d 917 (Mich.

---

[6]Pursuant to my October 2, 2012 order setting deadline, defendant was to file any response on or before October 29, 2012. Doc. Ent. 55.

9

App. 2011).[7] Doc. Ent. 56 at 2.

CSX also asserts that, if it is not permitted to pursue discovery at this time in the instant case (2:09-cv-13626-DML-PJK), the trier of fact in the DeNardo Case (Case No. 4:12-cv-11060-MAG-RSW (E.D. Mich.)) could consider plaintiff CSX's "supposed" admissions that the Garnishees do not owe a debt to Hog Brothers merely as "non-binding" evidence and could also consider substantive evidence, which, according to plaintiff CSX, consists in part of numerous transactions involving the garnishees and Hog Brothers. Doc. Ent. 56 at 3.

Plaintiff CSX acknowledges that, if it is not permitted to take discovery at this time in the instant case (2:09-cv-13626-DML-PJK), this could result in a finding in this garnishment proceeding that it has admitted that the garnishees owe no debt or possess any assets of Hog Brothers, resulting in a dismissal of the writs of garnishment. Doc. Ent. 56 at 3. However, if subsequently plaintiff CSX prevails on its claims in the DeNardo Case (Case No. 4:12-cv-11060-MAG-RSW (E.D. Mich.)), such a finding in this garnishment proceeding would then be in conflict with a finding in the DeNardo Case to the contrary. Doc. Ent. 56 at 3-4.

It is CSX's position that M.C.R. 3.101(T) provides this Court with the discretion to avoid the "absurd and unnecessary result" created by strict enforcement of M.C.R. 3.101(M)(2) in this case. Doc. Ent. 56 at 4.

Finally, with respect to the garnishees' assertion of prejudice (Doc. Ent. 54 at 4 n.3), CSX contends that it was imprudent to realign financial resources on the belief that strict enforcement of

---

[7]"Under MCL 450.4308, a member of a limited-liability company who assents to or receives a distribution in violation of MCL 450.4307 is 'personally liable, jointly and severally, to the limited liability company for the amount of the distribution ....' MCL 450.4308 does not provide relief to the limited-liability company's creditor (here, Florence) directly." *Florence Cement Co.*, 292 Mich.App. at 477, 807 N.W.2d at 926 (internal footnote omitted).

M.C.R. 3.101(M)(2) in this case would resolve the DeNardo Case (Case No. 4:12-cv-11060-MAG-RSW (E.D. Mich.)) in favor of the garnishees, and that such was done at their own risk. Doc. Ent. 56 at 4. CSX states that, "when discovery does commence, either in this matter or in the DeNardo Case, CSX will certainly be interested in the particulars of the Garnishees' realignment of their financial resources." Doc. Ent. 56 at 4-5.

**C.** *Conclusions:*

Judge Lawson has referred plaintiff CSX's September 20, 2012 motion (Doc. Ent. 52) to me for report and recommendation. Doc. Ent. 53. Having considered the motion, the response and the reply, I reach the following conclusions:

**1.** This Court has discretion under Fed. R. Civ. P. 69 ("Execution") to grant plaintiff CSX an extension of time to serve discovery upon the garnishees in the instant case (Case No. 2:09-cv-13626-DML-PJK).

**2.** If the Court concludes that the determination of the motion is not controlled by the Federal Rules of Civil Procedure, it has discretion under M.C.R. 3.101 ("Garnishment After Judgment"), Subsection (T) ("Judicial Discretion.") to reach the same result.

**3.** Under the precedent found in the Sixth Circuit's decision in *Apostolic Pentecostal Church,* 169 F.3d at 415-416,[8] the Court may, and I recommend that it in fact do so, grant the motion

---

[8]"We note that there is simply no prior Michigan court precedent that addresses how to navigate the 'intersection' between Rules 3.101(M)(2) and 3.101(T). However, it seems both manifestly absurd and extremely unjust to require a plaintiff to object (via written interrogatories or the noticing of a deposition) to a patently false disclosure statement sent by a garnishee when the plaintiff would have no reason to believe that the disclosure was patently false. Rule 3.101(T) was likely enacted in order to give the court the discretion to deal with extreme situations, such as that presented in the instant case. Because the scope of discovery is a matter usually committed to the district court's sound discretion, *see Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir.1991), we hold that the trial court's decision to extend discovery was not erroneous." *Apostolic Pentecostal Church*, 169 F.3d at 416.

to extend the period of discovery because of the extreme situation which is present in this case. A refusal to allow discovery at this time in this garnishment proceeding may then result in a finding that plaintiff CSX has admitted that the garnishees owe no debt or possess any assets of the defendant, but if plaintiff CSX prevails on its claims in the DeNardo Case (which it may even in the face of this admission, which is of evidentiary value only and is not conclusive) that finding in the garnishment proceeding would be in conflict with a contrary judgment in the DeNardo Case.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives

                                        PAUL J. KOMIVES  
                                        UNITED STATES MAGISTRATE JUDGE

Dated: 10/29/12

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on October 29, 2012.
>
>                                      s/Eddrey Butts  
>                                      Case Manager